**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

MICHAEL BRAZELL, JR.,                                                                            PLAINTIFF
ADC #500711,

v.                                       No. 5:12-cv-00100-DPM-JJV

M. WASHINGTON, Ms., Correctional
Officer, Cummins Unit, ADC; *et al.,*                                         DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D.

Price Marshall Jr.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a new hearing for this purpose before either the District Judge or

Magistrate Judge, you must, at the time you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence to be proffered at the new hearing (if such a hearing is granted)

was not offered at the hearing before the Magistrate Judge.

3.        The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.  INTRODUCTION

Plaintiff, Michael Brazell, Jr., is an inmate at the Varner Unit of the Arkansas Department of Correction (ADC).  He filed this action against Defendants pursuant to 42 U.S.C. § 1983, alleging they used excessive force against him in an incident on January 12, 2012, at the Cummins Unit. Plaintiff also alleges deliberate indifference to his serious medical needs regarding injuries suffered during the incident.  Plaintiff asks for compensatory and punitive damages, as well as injunctive relief.

Before the Court are Defendants' two Motions for Summary Judgment.  (Doc. Nos. 46, 54.) Both Motions allege Plaintiff failed to exhaust his administrative remedies and seek dismissal for that reason.  ADC Defendants show Plaintiff filed nine grievances in relation to his Complaint. None of the grievances were properly exhausted through the appeals process before the Complaint was filed on March, 13, 2012.  (Doc. 46, Ex. B at 3-4.)  The medical Defendants show Plaintiff filed eleven medical grievances during this time frame but he failed to appeal any of them before filing his Complaint.  (Doc. 54, Ex. B).  In his Response, Plaintiff states his appeals were misplaced or "intentionally lost" by the prison staff.  (Doc. No. 58 at 3.)

After careful review of the Motions for Summary Judgment, the Court finds that Plaintiff has failed to exhaust his administrative remedies and dismissal without prejudice is required.

## II.   ANALYSIS

### A.   Standard of Review

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact.  FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 246 (1986). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial."  FED. R. CIV. P. 56(e); *Mosley v. City of Northwoods*, 415 F.3d 908, 910 (8th Cir. 2005) ("The nonmoving party may not 'rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.'") (quoting *Krenik v. County of Le Sueur,* 47 F.3d 953, 957 (8th Cir. 1995).

A nonmovant has an obligation to present affirmative evidence to support his claims.  *Settle v. Ross*, 992 F.2d 162, 163-64 (8th Cir. 1993).  A litigant's verified complaint is generally considered an affidavit for purposes of summary judgment.  *Burgess v. Moore*, 39 F.3d 216, 218 (8th Cir. 1994). Moreover, *pro se* complaints must be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  But if the opposing party fails to carry that burden or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted.  *See Celotex*, 477 U.S. at 322.

### B.  Exhaustion of Administrative Remedies

The PLRA states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.  In *Booth v. Churner, supra*, 532 U.S. at 741, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Absent exhaustion, the courts must dismiss a complaint, for  "the statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them . . . . 'we are not free to engraft upon the statute an exception that Congress did not place there.'" *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000) (quoting *Castano v. Nebraska Dep't of Corrections*, 201 F.3d 1023, 1025 (8th Cir. 2000)).  In *Johnson v. Jones*, *supra*, 340 F.3d at 627, the Court held that "under the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." (Emphasis in original).  Finally, in *Jones v. Bock, supra*, the Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. at 218.

The records and affidavits provided by both sets of Defendants clearly show Plaintiff had not exhausted his administrative remedies before filing his Complaint.  (Doc. No. 46, Ex. A-C; Doc.

No. 54, Ex. A-B).  Barbara Williams serves as the ADC Inmate Grievance Supervisor.  (Doc. No. 46, Ex. A.)  She states Plaintiff failed to exhaust his grievances against Defendants Markeda Washington, Michael Moseley, Markhitha Harris, Gaylon Lay, Mark Warner, Harriot Posey, and Justin Reed.  (*Id.* at 3).  As for his grievance against Capt. Tate, (CU-12-00190), his administrative appeal was pending at the time he filed his Complaint.  (*Id.*; Doc. No. 46, Ex. B at 28-29.)  This grievance was eventually exhausted two weeks *after* he filed his Complaint on  March 30, 2012.  (*Id.*)

Sherrie Williams serves as ADC Medical Grievance Investigator.  (Doc. No. 54, Ex. B.)  She reviewed all medical grievances from the date of the alleged incident to the date Plaintiff filed his Complaint and determined that Plaintiff did not appeal any of the eleven medical grievances filed.  *Id.*

And Plaintiff's allegation of intentional or unintentional mishandling of his grievances is not convincing.  (Doc. No. 58.)  Plaintiff's conclusory response fails to rebut the evidence submitted by Defendants.  Furthermore, the evidence shows Plaintiff received a response to his initial excessive force complaint (CU-12-00216) from the Warden on February 23, 2012, and submitted a signed appeal of this decision on March 6, 1012, just five working days before filing his complaint and just two days before swearing out an affidavit expressing his mishandling concerns.  (Doc. No. 46 at 33-34).  This appeal was returned to Plaintiff on March 13, 2012, for failure to attach a copy of the original grievance and there is no evidence he properly re-submitted it.   (Doc. No. 46 at 3-4).  As previously stated, exhaustion is *mandatory*.  So dismissal is required.

## III.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.       Defendants' Motions for Summary Judgment (Doc. Nos. 46, 54) be GRANTED and

Plaintiff's Complaint be DISMISSED without prejudice for failure to exhaust his administrative remedies.

      2.      All pending motions be DENIED as moot.

DATED this 13th day of June, 2012.

_____

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE